## William Seim·v. Stephen F. Hale.

1. LEASE—*Of·Personal Property, When Valid as a Mortgage.*—A lease of personal property given by a debtor to his creditor intended to secure his indebtedness, and containing a clause to the effect that the debtor should be permitted to purchase the leased property at any time upon the payment of a specified sum, is valid and effectual as a mortgage as between the parties to it without being acknowledged or recorded, but inoperative as to third persons, as long as the property remains in the possession of the debtor.

2. ESTOPPEL—*To Deny that a Person in Possession is the Owner of Property.*—The owner of property may so surrender the control and possession of it to another and so completely invest him with the *indicia* of ownership that he will be estopped to deny, as against the rights of third persons, that such apparent owner is not the real owner of such property.

Replevin.—Appeal from the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

*Instructions referred to in the opinion of the court :*

2. "The court instructs the jury that a conveyance of property made in good faith to pay an honest debt is not fraudulent, though the debtor be insolvent, and the creditor is aware at the time of the sale that it will have the effect of defrauding other creditors in the collection of their debts.

4. "The court instructs the jury that if they believe from the evidence that the plaintiff was in possession of the property in controversy with the consent of John Lee and in consideration of the indebtedness of said Lee to the plaintiff prior to and at the time of the delivery of the execution to the defendant Siem, under which he levied on the said property, then they will find for the plaintiff."

KEEFE & BUDD, A. N. YANCEY and PEEBLES & PEEBLES, attorneys for appellant.

E. W. HAYES and RINAKER & RINAKER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee obtained judgment against appellant in replevin

for the return of a horse which the latter as constable had levied upon as the property of one Lee.

Appellee introduced in evidence three written instruments signed by himself and Lee which, in form, were leases of horses, carriages, etc., composing the stock of a livery stable which Lee was operating. These instruments were dated respectively, in 1892, 1893 and 1894, and each contained a clause to the effect Lee should be permitted to purchase the leased property at any time upon payment of a specified sum.

Lee was indebted to appellee in the sums mentioned in the leases at which he might purchase the property, and the instruments were intended to secure this indebtedness. They were not acknowledged or recorded.

Appellee claimed Lee delivered the stock of the livery stable (including the horse in question) to him in payment of the indebtedness which the leases were intended to secure, and that he, in good faith, accepted the property as such payment and received and had possession of it before the execution held by appellant was issued.

It was not necessary the leases should have been acknowledged or recorded in order to be valid or effectual as mortgages, as between appellee and Lee.

As to third persons they were inoperative as mortgages as long as the property remained in the possession of Lee. Sec. 1, Chap. 95, R. S.

But as to third parties were effectual, if the appellee reduced the property to his possession before any legal lien attached. O'Neil v. Patterson, 52 Ill. App. 32, and authorities there cited. Therefore it was that whether the horse was in possession of the appellee when the execution came to the hands of appellant as constable, becomes a controlling question of fact in the case.

The jury determined it adversely to the appellant.

We can not demonstrate from the testimony they were wrong and we find no error in the instructions which might have prejudiced the appellant upon that issue.

Lee and Ridgely were not partners. If the latter had

any interest in the horse, it was that of a joint ownership with Lee. It was wholly foreign to the case to inquire whether Ridgely had parted with his interest for the reason it was not disputed that so far as Ridgely was concerned, the appellee had sole possession of the horse under the claim he was sole owner thereof.

He could therefore invoke the aid of the writ of replevin against the appellant and have the property restored to his possession, if otherwise found entitled thereto as against the appellant. Chaffee v. Harington, 60 Ill. 718.

The owner of property may so surrender the possession and control of it to another and so completely invest such other with the *indicia* of ownership as that he will be estopped to deny, as against the right of third persons, that such apparent owner is not the real owner.

This principle of law was declared to the jury in the 2d and 4th instructions given for appellant.

The jury evidently did not think the facts proven, brought the case within the rule. They regarded appellee as the creditor of Lee until he became the owner of the horse in settlement of the indebtedness, and therefore properly regarded the principles contended for as not applicable to the case as made by the proof.

It is not complained the court refused or modified any instruction asked in behalf of appellant.

We have examined those given for appellee and considered objection preferred to them-and have found no error reversible in character.

The judgment is affirmed.